UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-cv-22262

OSCAR GARCIA,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC.,

    Defendant.
_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, OSCAR GARCIA ("GARCIA"), is a natural person, and citizen of the State of Florida, residing in Lee County, Florida.

4. Defendant, ASSET ACCEPTANCE, LLC ("ASSET"), is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is at 320 E. Big Beaver Rd., Suite 300, Troy, MI 48083.

5. Defendant is registered with the Florida Department of State Division of Corporations as a limited liability company. Its registered agent for service of process is Midland Credit Management, Inc., 8875 Hidden River Pkwy., Suite 100, Tampa, Florida 33637.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant filed suit against the Plaintiff in Miami-Dade County, Florida

8. Defendant regularly collects or attempts to collect defaulted debts.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt for a consumer loan.

11. The debt was for a personal, household, or family purpose.

12. On or about January 18, 2018, Asset obtained a continuing writ of garnishment against Garcia.

13. On or about May 16, 2018, Garcia filed his Claim of Exemption and requested that notice of the hearing be sent to Joel D. Lucoff, Esq., at his office.

14. On June 4, 2018, Asset filed an Affidavit in Opposition to Defendant's Claim of Exemption ("Affidavit") and sent it directly to Garcia via U.S. Mail, who received it. A copy of the Affidavit and Claim of Exemption is attached as Composite Exhibit "A."

15. Asset did not send the Affidavit to Garcia's legal counsel.

16. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

17. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

18. No court had authorized Defendant's direct communication with Plaintiff.

19. At the time Defendant caused the Affidavit to be sent to Plaintiff, Defendant knew the FDCPA prohibited it from communicating directly with Plaintiff.

20. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself of the representation of his counsel.

21. Defendant's actions caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                              Debt Shield Law
                                              Attorney for Plaintiff
                                              3440 Hollywood Blvd., Suite 415
                                              Hollywood, FL 33021
                                              Tel:    305-776-1805
                                              Fax:    305-503-9457
                                              legal@debtshieldlawyer.com
                                              joel@debtshieldlawyer.com

                                              */s/ Joel D. Lucoff*
                                              Joel D. Lucoff
                                              Fla. Bar No. 192163